IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RA-SON NUBA AMUN, f/k/a | ) | |
| Earl C. Cunningham, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION 04-0131-BH-L |
| | ) | |
| GRANTT CULLIVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed a Complaint under 42 U.S.C. § 1983. (Docs. 1, 2, 4). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on defendants' motion for summary judgment (Docs. 13, 14), plaintiff's response to show cause order (Doc. 22 ), plaintiff's brief in opposition to motion for summary judgment (Doc. 23), and plaintiff's "motion to misjoin defendant, Paul Whaley."[1] (Doc. 24).  For the reasons stated herein, it is recommended that

---

[1] Plaintiff moves the court "pursuant to Fed. R. Civ. Proc. Rule 21, to exclude Defendant Paul Whaley as a party to this cause of action, in order to prevent a[n] undue hardship upon said party." (Doc. 24 at 1).  The court construes plaintiff's pleading as a motion to dismiss defendant Whaley from this action.  Mr. Whaley is identified in defendants' Special Report as the Director of Classifications with the Alabama Department of Corrections. (Doc. 14 at 1).  Upon consideration, the Court finds that plaintiff's motion is due to be granted, and all claims against defendant Whaley in plaintiff's Complaint are due to be dismissed with prejudice.  The Court's consideration of plaintiff's claims will now be limited to the remaining defendant, Grantt Culliver.

plaintiff's motion to dismiss defendant Paul Whaley be granted, that defendant Grantt Culliver's motion for summary judgment be granted, and that plaintiff's action be dismissed in its entirety.

## I.  SUMMARY OF ALLEGATIONS

From its review of the record, the Court summarizes the parties' allegations which are material to the issues addressed in this Report and Recommendation.

Plaintiff, Ra-Son Nuba Amun, a/k/a Earl C. Cunningham, Jr., is an Alabama Department of Corrections Inmate currently housed at Donaldson Correctional Facility.  (Docs. 1, 18).  On September 1, 2003, while housed at Holman Correctional Facility, plaintiff filed an administrative complaint with the Warden of the prison, Grantt Culliver, claiming that the prison administration was "infring[ing] upon [his] free exercise right" by refusing to recognize his new Muslim name.[2]  (Doc. 1 at 14).  Plaintiff requested that Culliver add his new, religious name to the "prison's mailroom location list," the prison "visitor list," and any "future correspondence."  (Id. at 15).  Culliver denied plaintiff's request.  (Id.).

On March 1, 2004, plaintiff filed the present § 1983 action, alleging that defendant Culliver violated his religious rights under the First Amendment to the United States Constitution and his due process rights under the Fourteenth Amendment by refusing to recognize his legal, religious name with

---

[2] Plaintiff, a convicted murderer, alleges that, since his incarceration, he has converted to the Islamic faith and, on July 8, 2003, legally changed his name from Earl Ceaser Cunningham, Jr., to Ra-Son Nuba Amun.  (Doc. 1 at 7; Doc. 14 at 21).  Plaintiff has submitted a copy of an order dated July 8, 2003, entitled "Decree Confirming Declaration as to Change of Name," signed by Judge Michael F. Bolin, Probate Court of Jefferson County, Alabama.  (Doc. 1 at 13).

respect to prison mail and correspondence. (Doc. 1 at 8, 10). Specifically, plaintiff alleges that Culliver violated his constitutional rights by refusing "to follow a dual-name policy for incoming and outgoing mail" and refusing "to have [the] prison's administration to acknowledge plaintiff by [his] Muslim name in it[s] correspondence." (Id. at 10). Plaintiff seeks compensatory damages in the amount of $2,500 for mental anguish for Culliver's failure to recognize him by his Muslim name; injunctive relief compelling Culliver "to have Holman's administration employ and follow a dual-name policy for incoming and outgoing mail;" and declaratory relief declaring defendant's actions to be unconstitutional. (Id. at 11-12).

In his Answer and Special Report filed on July 6, 2004, Culliver admits that plaintiff made requests on or about September 1, 2003, and September 16, 2003, to have his religious name added to the prison's mailroom location list, future correspondence, and the visitor list. (Doc. 13 at 2; Doc. 14 at 2-3, 13-14). Culliver admits that he denied plaintiff's requests (Doc. 14 at 14) but maintains that his refusals were not violations of plaintiff's constitutional rights. (Doc. 13 at 5; Doc. 14 at 15). In addition, Culliver asserts that he is entitled to qualified immunity with respect to plaintiff's claim for monetary damages.[3] (Doc. 13 at 5).

On March 2, 2005, the Court ordered that defendant's Special Report and Answer be treated as a motion for summary judgment. (Doc. 19). The Court advised plaintiff that he could file a response to the motion on or before March 28, 2005, and the Court advised the parties that it would take the

---

[3] Plaintiff is suing defendant Culliver in his individual capacity only. (Doc. 23 at 1-2; Doc. 1 at 7).

3

motion under submission on that date. (Id.). The deadline was subsequently extended to April 15, 2005, on which date plaintiff filed a brief in opposition to defendant's motion for summary judgment, reasserting the claims alleged in his Complaint. (Docs. 21, 23).

## II.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." Id.; accord Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). Moreover, what are considered to be the "'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for summary judgment purposes." Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and, in deciding

4

whether the movant has met this burden, the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Tipton, 965 F.2d at 998-99. In addition to demonstrating that there is no genuine issue of material fact, the movant must also satisfy the ultimate burden of persuasion on the claim by showing that it would be entitled to a directed verdict at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

Once the movant satisfies its initial burden under Rule 56(c), the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis omitted). "'[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Tipton, 965 F.2d at 999 (quoting Anderson, 477 U.S. at 255). However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587.

Moreover, the non-movant bears "the burden of coming forward with sufficient evidence on *each element* that must be proved." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990) (emphasis in original). If "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Rule 56(c) mandates that summary judgment be entered against that party. Celotex Corp. v.

5

Catrett, 477 U.S. 317, 322 (1986).

## III.  DISCUSSION

In this action, plaintiff seeks redress for alleged constitutional deprivations pursuant to 42 U.S.C. § 1983.  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Specifically, plaintiff claims that he is entitled to relief for defendant Culliver's refusal to adopt a dual-name policy with respect to prison mail and correspondence, which plaintiff claims violated his religious exercise rights guaranteed by the First Amendment and his due process rights guaranteed by the Fourteenth Amendment.  (Doc. 1 at 10-11).  For the following reasons, the Court finds that plaintiff's claims are due to be dismissed as a matter of law.

A.     Plaintiff's Claim for Declaratory and Injunctive Relief.

In his Complaint, plaintiff seeks declaratory and injunctive relief for defendant Culliver's "failure to have Holman's administration employ and follow a dual-name policy for incoming and outgoing mail."  (Doc. 1 at 11).  Although plaintiff characterizes his mail claim as one arising from Culliver's refusal to follow a dual-name policy "for incoming and outgoing mail," plaintiff's specific request to Culliver, on which this claim is based, was that Culliver add his religious name to the "prison's mailroom location list" and to future prison correspondence.  (Doc. 1 at 8, 15; Doc.14 at 13-14).  Thus,

plaintiff's mail claim is actually directed to Holman's *internal* mail practices, not its procedures regarding incoming and outgoing mail.[4]  In any event, regardless of whether plaintiff's claim is characterized as one related to Holman's internal or external mail practices, the Court need not reach the question of the constitutionality of those practices in this case.

In his Complaint, plaintiff seeks declaratory and injunctive relief requiring the administration at Holman prison to recognize his religious name in "incoming and outgoing mail." (Doc. 1 at 11-12). However, on February 22, 2005, plaintiff notified the Court that he had been transferred from Holman Correctional Facility to Donaldson Correctional Facility. (Doc. 18).

Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of certain "Cases" and "Controversies." U.S. Const. Art. III, 2. "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County School Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). Equitable relief, such as that sought by plaintiff here, is "a prospective remedy, intended to prevent future injuries." Id. For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." Id.

In the context of a § 1983 action filed by a prisoner, the law is settled that a prayer for

---

[4] Culliver concedes that the prison does not employ a dual-name policy with respect to its internal mail and correspondence. (Doc. 14 at 14). According to Culliver, however, the prison does employ a dual-name policy with respect to its external (incoming and outgoing) mail (id.), and plaintiff has presented no evidence to the contrary.

7

injunctive or declaratory relief becomes moot upon the transfer or removal of that prisoner from the facility where his cause of action arose.  See, e.g., Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) ("[t]his court has clearly stated the following: Absent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984) ("[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.").  "Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."  Wahl, 773 F.2d at 1173 (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Because plaintiff is currently incarcerated at Donaldson Correctional Facility and, further, because there is no indication that it is likely that he will return to Holman Correctional Facility, there is absent "any continuing, present injury or real and immediate threat of repeated injury" to plaintiff.  Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) ("[s]ince Dudley is no longer in the custody of county jail officials, the most that can be said for his standing is that *if* he is released from prison, is convicted of another crime and is incarcerated in the Daugherty County Jail, he might again be subject to disciplinary confinement without due process," which is "too speculative to create an actual controversy sufficient for a declaratory judgment to be entered.") (emphasis in original); see also

8

Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) ("[t]he most that can be said is that if Cotterall is again incarcerated in a minimum security facility and again charged with a disciplinary infraction, he might again be transferred to Coffee County jail. This is too speculative.").

Based on the foregoing, the Court finds that plaintiff's claim seeking injunctive and declaratory relief for defendant Culliver's refusal to institute a dual-name system with respect to "incoming and outgoing mail" at Holman prison is moot and, therefore, due to be dismissed with prejudice. See Besselaar v. Siegelman, 2001 WL 936196, *21-22 (S.D. Ala. 2001) (where plaintiff had been transferred from Holman Correctional Facility to Donaldson Correctional Center, his request for injunctive relief pertaining to the conditions of his confinement at Holman prison was barred as moot).

B.   Plaintiff's Claim for Monetary Damages for Mental Distress.

In his Complaint, plaintiff also seeks compensatory damages in the amount of $2,500 for "mental distress" caused by defendant Culliver's refusal to have Holman's administration "acknowledge plaintiff by [his] Muslim name in it[s] correspondence." (Doc. 1 at 10-11). As with plaintiff's claim for injunctive and declaratory relief related to Holman's mail practices, the Court need not reach the question of the constitutionality of Holman's practice of refusing to recognize an inmate's religious name in its internal correspondence.

Under 42 U.S.C. § 1997e(e), a provision of the Prison Litigation Reform Act of 1995 ("PLRA"):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

In Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), the Eleventh Circuit recognized

9

that "§ 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id.  The phrase "Federal civil action" applies to all federal claims, including constitutional claims.  See Harris v. Garner, 216 F.3d 970, 984 (11th Cir. 2000).

Plaintiff filed this federal civil action while imprisoned at Holman prison, claiming that he suffered "mental distress" while in custody as a result of defendant's refusal to recognize his religious name in prison correspondence.  (Doc. 1 at 11).  Plaintiff seeks $2,500.00 in compensatory damages for his "mental distress." (Id.).  Plaintiff does not seek damages for any injury unrelated to his "mental distress."[5]  (Id.).  Therefore, plaintiff's claim is barred by § 1997e(e) and is due to be dismissed without prejudice.[6]

## IV.  CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned that plaintiff's motion to

---

[5] In Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003), the Eleventh Circuit recognized a growing trend among the circuit courts to interpret § 1997e(e) not to preclude a prisoner from seeking nominal damages.  The Eleventh Circuit cited, among other cases, Calhoun v. DeTella, 319 F.3d 936, 940 (7th Cir. 2003), which held that § 1997e(e) did not preclude a prisoner from recovering nominal damages for a constitutional violation resulting in no physical injury, as long as "the damages sought were not 'for' any mental or emotional injuries suffered."  In this case, plaintiff has not requested nominal damages, and, even if his Complaint could be construed as doing so, he has not set forth any claim for damages, nominal or otherwise, for a non-physical injury unrelated to his mental distress.  (Doc. 1 at 11).  Therefore, the question of nominal damages is not before the Court in this case.

[6] "[Section 1997e(e)] is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier, 314 F.3d at 531 (11th Cir. 2002) (citing Harris, 216 F.3d at 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA).  "An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal."  Id. at 532.

dismiss defendant Paul Whaley (Doc. 24) be granted, with prejudice, and that defendant Grantt Culliver's motion for summary judgment (Doc. 14) be granted as follows: plaintiff's claim against defendant Culliver for declaratory and injunctive relief for refusing to recognize plaintiff's religious name in "incoming and outgoing mail" is due to be dismissed, with prejudice, and plaintiff's claim against defendant Culliver for monetary damages for mental and emotional injury caused by defendant's refusal to recognize plaintiff's religious name in prison correspondence is due to be dismissed, without prejudice, under 42 U.S.C. § 1997e(e).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 20th day of June 2005.

/s/ Kristi D. Lee
**KRISTI D. LEE**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                **KRISTI D. LEE
                                                UNITED STATES MAGISTRATE JUDGE**