IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RA-SON NUBA AMUN, f/k/a        )
Earl C. Cunningham, Jr.,       )
                               )
       Plaintiff,              )
                               )
vs.                            )    CIVIL ACTION 04-0131-BH-L
                               )
GRANTT CULLIVER, et al.,       )
                               )
       Defendants.             )

ORDER

    Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis filed a Complaint under 42 U.S.C. § 1983, alleging that defendant, Grantt Culliver, the Warden at Holman Correctional Facility, "infring[ed] upon [his] [First Amendment] free exercise right" by refusing to add plaintiff's legally acquired Muslim name to the "prison's mailroom location list," the prison "visitor list," and to internal prison correspondence. (Doc. 1 at 7-11, 14-15). Plaintiff sought injunctive relief and compensatory damages for "mental distress" caused by defendant's actions. (Id. at 11-12). On June 20, 2005, the undersigned issued a Report and Recommendation recommending that plaintiff's Motion to Dismiss Paul Whaley be granted, that defendant Culliver's Motion for Summary Judgment be granted, and that plaintiff's Complaint seeking injunctive relief and compensatory damages for "mental distress" be dismissed in its entirety.

1

On July 6, 2005, plaintiff filed a Motion to Amend his Complaint to add claims for nominal and punitive damages. (Doc. 28). On July 13, 2005, the Court granted plaintiff's Motion to Amend his Complaint. (Doc. 30).

In his Answer and Special Report filed on July 6, 2004, in response to plaintiff's original Complaint, defendant Culliver argued that plaintiff's § 1983 claim fails because defendant's refusal to utilize a dual-name system for the prison's "mailroom location list," visitor list, and internal correspondence did not constitute a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and, further, that RLUIPA is unconstitutional. (Doc. 14 at 4-13). In this § 1983 action, however, plaintiff has not asserted a statutory claim under RLUIPA. Rather, plaintiff has asserted a constitutional claim under the First Amendment, which is governed by the "reasonableness" standard of Turner v. Safley, 482 U.S. 78, 89 (1987).[1] Therefore, defendant's arguments relating to RLUIPA are inapplicable to this case.[2]

---

[1] In Turner, 482 U.S. 78, 89-90 (1987), the Supreme Court identified the following four factors to be considered when assessing the reasonableness of a prison regulation that impinges on an inmate's constitutional rights:
> First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it. . . . A second factor . . . is whether there are alternative means of exercising the right that remain open to prison inmates. . . . A third consideration is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally. . . . Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. . . . By the same token, the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable, but is an 'exaggerated response' to prison concerns.

[2] While RLUIPA is not applicable to this case, the Court notes that, on December 2, 2004, in Benning v. Georgia, 391 F.3d 1299, 1303 (11th Cir. 2004), the Eleventh Circuit upheld the

Accordingly, in light of plaintiff's recent amendment to his Complaint, the Court hereby **ORDERS** defendant to amend his Answer and Special Report, no later than **August 12, 2005,** and to address, with specificity, plaintiff's First Amendment claim under the Turner standard, treating, separately, the issues of defendant's refusal to adopt a dual-name policy with respect to (1) the prison's "mailroom location list," (2) the visitor list, and (3) internal correspondence.  Defendant's response should include affidavits addressing the administrative burden, if any, that would result from adding plaintiff's new, religious name to each of these lists and to internal correspondence through an "a/k/a" designation, and whether plaintiff is required to use his commitment name in order to receive prison services or information related to these lists and correspondence.

The Court is mindful that, while "[t]he Free Exercise Clause affords an individual protection from certain forms of governmental compulsion[,] it does not afford an individual a right to dictate the conduct of the Government's internal procedures." Bowen v. Roy, 476 U.S. 693, 700 (1986).  As such, "an inmate cannot compel a prison to reorganize its filing system to reflect the new [religious] name." Hakim v. Hicks, 223 F.3d 1244, 1248 (11th Cir. 2000).  That being said, in Hakim, the Eleventh Circuit held that, under the Turner standard, the Alabama Department of Corrections' policy that prison identification cards would be issued *only* in a prisoner's commitment name, and that related services could be obtained *only* in the commitment name, violated the prisoner's free exercise of religion right.  Id.  Therefore, defendant's response should address the court's holding in Hakim with

---

constitutionality of section 3 of RLUIPA, which applies strict scrutiny to government actions that substantially burden the religious exercise of institutionalized persons.

respect to defendant's refusal in this case to utilize a dual-name policy with respect to the prison's "mailroom location list," the visitor list, and internal correspondence.

**DONE** and **ORDERED** this the 13th day of July, 2005.

/s/ Kristi D. Lee
**KRISTI  D.  LEE**
**UNITED STATES MAGISTRATE JUDGE**