**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

```
ABD-SALAAM NUBA AMUN, f/k/a   )
RA-SON NUBA AMUN, f/k/a       )
Earl Ceaser Cunningham, Jr.,  )
                              )
     Plaintiff,               )
                              )
vs.                           )  CIVIL ACTION 04-0131-BH-M
                              )
GRANTT CULLIVER,              )
                              )
     Defendant.               )
```

**ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation (Doc.49) of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

In his objection to the aforementioned Report and Recommendation, Plaintiff seeks for the first time to plead a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1,2. Even if Plaintiff had appropriately sought to add such a claim to his complaint, which he did not, neither his allegations nor his evidence demonstrates that a

"substantial burden" has been placed on the exercise of his religious beliefs.  42 U.S.C. § 2000cc-1.  Plaintiff alleges, and the evidence shows, only that Defendant has refused to add Plaintiff's religious name to the prison visitor list, inmate location list, and prison correspondence (including handwritten and computer-generated memos, receipts, and other such paperwork generated by the prison).  It is undisputed that Defendant's refusal has been based on limitations inherent in the prison's computer database system and on the burden that would be placed on prison staff if they were required to write by hand Plaintiff's religious name on all such documentation.  Plaintiff, on the other hand, has been allowed to exercise his religion by including his religious name on prison mail, applications for visitors, and whatever documentation he generates.  Consequently, Plaintiff has failed to establish a prima facie case for a violation of the RLUIPA because he has not demonstrated that a "substantial burden" has been placed on the exercise of his religious beliefs.  Accordingly, any such claim fails as a matter of law.

    For the reasons stated above and in the Report and Recommendation adopted herein, it is **ORDERED** that the motion for summary judgment (Docs. 32-33) filed by the defendant,

Grantt Culliver, be and is hereby **GRANTED**, that the Plaintiff's counter-motion for summary judgment (Doc. 39) be and is hereby **DENIED**, and that Plaintiff's complaint be and is hereby **DISMISSED with prejudice**.

    **DONE** this 18th day of October, 2006.

                                                              s/ W. B. Hand
                                            SENIOR DISTRICT JUDGE